**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BLAKE KELLER,                                           * | |
|        Petitioner, | |
|     v.                                          * | CIVIL ACTION NO.  PJM-06-1303 |
| BUREAU OF PRISONS                    * | |
|        Respondent. | |
|                                             *** | |

**MEMORANDUM OPINION**

The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621(b) to require the U.S. Bureau of Prisons ("BOP") to "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." It added a section providing for incentives for prisoners to participate in such a Residential Drug Abuse Program ("RDAP"), including the possibility of an early release. Subsection 3621(e)(2)(B) provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [drug] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

In implementing this provision, the BOP initially adopted the statutory definition of "crime of violence" found under 18 U.S.C. § 924(c)(3).[1] Subsection 3621(e)(2)(B) was codified under 28 C.F.R.§ 550.58. Section 550.58 specifies three prerequisites for early release eligibility: the inmate must have been sentenced to a term of imprisonment for a nonviolent offense; have a substance

---

[1] 18 U.S.C. § 924(c)(3) defines "crime of violence" as:  [a]n offense that is a felony and--

   (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

abuse problem; and successfully complete a residential drug abuse treatment program while incarcerated.

Revisions to the regulation omit any reference to § 924(c)(3). The regulation does not attempt to define a nonviolent offense within the meaning of § 3621(e)(2)(B). Instead, the revised regulation categorically excludes certain inmates from early release. Section 550.58 states that:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
>     (i)    INS detainees;
>     (ii)    Pretrial inmates;
>     (iii)    Contractual boarders (for example, D.C., State, or military inmates);
>     (iv)    Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
>     (v)    Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion;
>     (vi)    Inmates whose current offense is a felony:
>         (A)    That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>         (B)    That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>         (C)    That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>         (D)    That by its nature or conduct involves sexual abuse offenses committed upon children.

The BOP also adopted program statements to supplement 28 C.F.R. § 550.58. Program Statement, 5330.10, entitled Drug Abuse Programs Manual, and Program Statement, 5162.04,

entitled Categorization of Offenses, were promulgated to further assist BOP agents and employees in interpreting the regulation. The program statements enumerate the procedures for implementing the various drug abuse treatment programs, enumerate various federal offenses which the Director of the BOP has determined to be crimes of violence, and identify other offenses which the Director has determined may not necessarily be crimes of violence, but which nonetheless render those prisoners ineligible for certain BOP program benefits, including early release under 18 U.S.C. § 3621(e).

Petitioner, a federal prisoner housed at FCI-Cumberland, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 22, 2006, alleging that Respondent wrongfully denied him eligibility for a reduction in his period of incarceration under 18 U.S.C. § 3621(e)(2)(B), a decision based on the application of 28 C.F.R. § 550.58(a)(1)(vi)(C).[2] Petitioner asserts that he was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. Paper No. 1. He is serving a ninety-seven month sentence. Paper No. 11, Ex. 1. He argues that he has successfully completed the RDAP program and that he has been denied the sentence reduction for completion of the program due to Respondent's improper application of its discretion in finding his offense, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" *See* 28 C.F.R. § 550.58(a)(1)(vi)(C) and Program Statement 5330.10. Paper Nos. 1 and 12.

Petitioner further claims that the BOP's promulgation of 28 C.F.R. 550.58 and Program Statement 5330.10 violate that Administrative Procedures Act ("APA"). He asks this Court to grant

---

2  Petitioner has also filed a "Motion for Clarification" wherein he seeks appointment of counsel. Paper No. 10. The Motion shall be denied. Petitioner is able to adequately articulate his claims for relief and the issure presented are not unduly complex. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

his Petition and eligibility of a time reduction of up to one year upon his completion of the RDAP. Paper No. 1.

Upon review of the Petition, Respondent's Show Cause Response, Petitioner's Reply and Supplemental Attachments, the Court shall deny the Petition without hearing. There is no dispute that Petitioner began to participate in an RDAP on December 19, 2005, and has now completed the program. Respondent asserts that Petitioner's eligibility for early release is governed by 28 C.F.R. § 550.58, 18 U.S.C. § 3621(e)(2)(B), and BOP Program Statement 5330.10, and maintains that although Petitioner has participated in the RDAP, he is ineligible for a reduction in his period of incarceration under 18 U.S.C. § 3621(e)(2)(B) because "the nature or conduct [of his offense] presents a serious potential risk of physical force against the person or property of another." Paper No. 9, Ex. 1.

**II  Analysis**

**A.     Administrative Procedure Act**

The Administrative Procedure Act ("APA") requires administrative agencies to provide for a period of public notice and comment before issuing a legislative or substantive rule. *See* 5 U.S.C. §§ 551, 553, and 554; *Lincoln v. Virgil*, 508 U.S. 182, 196 (1993) (APA notice and comment requirements apply to legislative and substantive rules). The notice and comment provisions of the APA do not apply to "interpretative rules, general statements of policy, or rules of agency organization, procedure or practice." 5 U.S.C. § 553(b)(3).

Under 18 U.S.C. § 3621(b), the BOP was delegated authority to administer its drug abuse treatment programs. *See United States v. Jackson* 70 F.3d 874, 877-78 (6th Cir. 1995). Further, 18 U.S.C. § 3621(e)(2)(B) provides "The period of a prisoner convicted of a nonviolent offense remains

in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (Emphasis added). Congress did not define nonviolent offense nor did it specify which inmates convicted of nonviolent offenses would be entitled to early release. In this absence of direction, the BOP promulgated and later revised 28 C.F.R. § 550.58 establishing initial early release criteria. The United States Supreme Court upheld 28 C.F.R. § 550.58 as a permissible exercise of the discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B). *See Lopez v. Davis*, 531 U.S. 230, 231 (2001),

In light of *Lopez*, the Court finds no constitutional or statutory violation committed by the BOP in its promulgation of 28 C.F.R. § 550.58. Plainly, under existing caselaw the regulation permits the exercise of discretion within the BOP and constitutes an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B).

**B.     Discretion of BOP**

A reduction in an inmate's term of imprisonment is within the discretion of the BOP. *See Lopez,* 521 at 241 ("[w]hen an eligible prisoner successfully completes the drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Wottlin v . Fleming*, 36 F.3d 1032, 1035 (5th Cir. 1998) ("Section 3621(e)(2(B) explicitly leaves sentence reductions to the discretion of the BOP."); *Tasby v. Pratt*, 2002 WL 1160071 (N.D. Tx. 2002) ("decision to exclude [prisoners that had a firearms sentence vacated by *Bailey*] from consideration for early release is a valid exercise of the Bureau's discretion."). An inmate's eligibility for participation in the RDAP Program, the determination of whether an inmate has successfully completed the program, and the amount, if any, of reduction of

sentence earned by successful completion of the program, are all matters left to the discretion of the BOP.

The Court finds no constitutional or statutory violation committed by the BOP in its promulgation of 28 C.F.R. § 550.58 or Program Statement 5330.10, or in their application to Petitioner.[3] Under existing case law the regulation represents a permissible exercise of the BOP's discretion and an acceptable interpretation of 18 U.S.C. § 3621(e)(2)(B). While Petitioner was convicted of conspiracy to commit money laundering, the conduct underlying the conviction involved his co-conspirators damaging vehicles in order to fraudulently collect insurance proceeds. Paper No. 1 and Attachments. Given the nature of the offense, in the exercise of its discretion the BOP found that Petitioner's offense presents a serious risk of physical force against the property of another. Paper No. 9, Ex. 1, Attachment C. The final determination as to Petitioner's ineligibility for sentence reduction was not unreasonable given the uncontroverted factual background of his federal conviction.

**C.     Due Process**

By virtue of a valid criminal conviction and his subsequent legal confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). The Constitution itself does not create a protected liberty interest in the expectation of early release. *See Greenholtz v. Inmates of*

---

3       The fact that Petitioner's co-conspirators may have been found eligible for early release after successfully completing the RDAP does not perforce demonstrate that Respondent has abused its discretion in regard to Petitioner's eligibility.

*Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). There is no protected liberty interest in the discretionary early release for completing the RDAP program pursuant to 18 U.S.C. § 3621(c). *See e.g. Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997) *Jacks v. Crabtree*, 114 F.3d 983, 986, n. 4 (9th Cir. 1997); *Fonner v. Thompson*, 955 F. Supp. 638, 642 (N.D. W.Va. 1997).

Petitioner's contention that Respondent violated its own procedural guidelines in first determining he was eligible for early release and then reversing that decision does not state an independent federal claim. *See Sandin*, 515 U.S. at 478-87 (while a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989).

### III Conclusion

The BOP's decision to deny petitioner early release is not an abuse of discretion and violated neither the APA or Due Process. Accordingly, Petitioner's application for a Writ of Habeas Corpus under 28 U.S.C. § 2241 will be denied. A separate order follows.

Date:  11/15/06                                               /s/
                                                    PETER J. MESSITTE
                                              UNITED SATES DISTRICT JUDGE